# EXHIBIT A

Robert Loigman
Scott C. Shelley
Lindsay M. Weber
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Kingate Global Fund, Ltd., | Case No. 19-12853 |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| Kingate Euro Fund, Ltd., | Case No. 19-12852 |
| Debtor in a Foreign Proceeding. | |

**ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDINGS**

This matter having come before the Court upon the Verified Petitions (the "Verified Petitions", and, together with the forms of Voluntary Petition [Doc. No. 1], the "Petitions") filed by petitioners Paul Pretlove and Tammy Fu, in their joint capacities as foreign representatives (the "Foreign Representatives" or "Petitioners") of the liquidation of Kingate Global Fund, Ltd. ("Kingate Global") and Kingate Euro Fund, Ltd. ("Kingate Euro", and together with Kingate Global, the "Kingate Funds") pending in the Eastern Caribbean Supreme Court in the High Court of Justice of the British Virgin Islands ("BVI"), Commercial Division (the "BVI Court"),

seeking entry of an order: (1) recognizing the BVI insolvency proceedings of Kingate Global and Kingate Euro (the "BVI Proceedings") as a foreign main proceeding pursuant to sections 1515 and 1517 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"); (2) confirming relief pursuant to Bankruptcy Code section 1520; and (3) granting related relief pursuant to Bankruptcy Code sections 105(a), 1507(a) and 1521(a); and the Court having reviewed and considered (i) the Petitions, (ii) the Declaration of Paul Pretlove, dated September 5, 2019, (iii) the Declaration of Eleanor Morgan, an expert on BVI law, dated September 5, 2019, and (iv) the exhibits and attachments to each of the foregoing, and the arguments set forth therein; and the Foreign Representatives having given notice by first class mail; and the Court having considered the opposition to the Petitions (if any); and based upon the foregoing, the Court finds and concludes as follows:

1. The Foreign Representatives have demonstrated that:

    a. the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and 11 U.S.C. § 1501;

    b. venue is properly located in this District pursuant to 28 U.S.C. §§ 1410(a)(1) and (3);

    c. this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P);

    d. the Debtors are subject to foreign main proceedings within the meaning of section 1502 of the Bankruptcy Code;

    e. Each Petitioner is a "person" and Foreign Representative of the Debtors within the meaning of section 101(24) of the Bankruptcy Code;

    f. the above-captioned Chapter 15 cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code;

2

      g.      the Debtors have their centers of main interests and establishments in the BVI; and

      h.      the Verified Petitions satisfy the requirements of section 1515 of the Bankruptcy Code.

2.      The Foreign Representatives have demonstrated that the relief requested with respect to entrustment of the debtors' assets under section 1521(a)(5) is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States and warranted pursuant to section 1521(a)(5) of the Bankruptcy Code; and

3.      The interest of the public will be served by this Court's granting the relief requested by the Foreign Representatives.

NOW, THEREFORE, IT IS HEREBY

ORDERED, that the BVI Proceedings are granted recognition as a foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

ORDERED that any objections to recognition of the BVI Proceedings as foreign main proceedings are hereby overruled; and it is further

ORDERED that all relief afforded to a foreign main proceeding automatically upon recognition pursuant to section 1520 of the Bankruptcy Code is granted; and it is further

ORDERED, that each Petitioner is granted recognition as a "Foreign Representative" pursuant to section 101(24) of the Bankruptcy Code in respect of the BVI Proceedings; and it is further

ORDERED, that each Petitioner is entrusted with the administration or realization of all of the debtors' assets within the territorial jurisdiction of the United States, as set forth in section 1521(a)(5) of the Bankruptcy Code; and it is further

ORDERED, that no action taken by the Petitioners in preparing, disseminating, applying for, implementing or otherwise in connection with this Order, any order entered in respect of the Verified Petitions, these chapter 15 proceedings, any further order for additional relief in these chapter 15 proceedings, or any adversary proceedings or contested matters in connection therewith, constitutes a waiver of any immunity afforded to each Petitioner as a Foreign Representative, including without limitation pursuant to section 1510 of the Bankruptcy Code; and it is further

ORDERED, that all injunctions and orders issued by the BVI Court identified in the Petitions, are recognized, granted comity, and entitled to full force and effect in accordance with their terms, and that such terms shall be binding and fully enforceable; and it is further

ORDERED, that to the extent not already provided in 11 U.S.C. § 1520, all creditors and other persons, including creditors and purported creditors of the Kingate Funds are hereby enjoined from (i) disposing or otherwise taking any action against any property of the Kingate Funds located within the territorial jurisdiction of the United States; and (ii) taking or continuing any act to obtain possession of or exercise control over, such property; and it is further

ORDERED that to the extent not already provided in 11 U.S.C. § 1520, all persons are hereby enjoined from commencing any suit, action or proceeding in the territorial jurisdiction of the United States to resolve any dispute arising out of the BVI Proceedings, the Madoff Settlement or any orders issued by the BVI Court identified in the Petitions, or the BVI law

relating thereto, *provided that* such relief shall not apply to the Clawback Proceeding; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the effect, enforcement, amendment or modification of this Order; and it is further

ORDERED, that the Foreign Representative shall serve notice of this Order by email or United States mail, first class postage prepaid, on or before _____, 2019, upon any objecting parties, the United States Trustee, and any known persons and entities subject to this Order; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
          _____, 2019

                                                  _____
                                                  United States Bankruptcy Judge