# EXHIBIT C



FEE STAMPS ON ORIGINAL
$ 1.20



IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
Claim Nos. 2009/0163

IN THE MATTER OF THE BVI BUSINESS COMPANIES ACT, 2004
- and -
IN THE MATTER OF THE INSOLVENCY ACT, 2003
-and-
IN THE MATTER OF KINGATE EURO FUND, LTD

Applicant:        KINGATE EURO FUND, LTD.

### ORDER FOR THE APPOINTMENT OF LIQUIDATORS

BEFORE:    His Lordship Justice Edward Bannister, QC
DATED:     4th June 2009
ENTERED:   4th June 2009

UPON THE APPLICATION by Kingate Euro Fund, Ltd. for the appointment of Joint Liquidators of the Company

AND UPON HEARING Stephen Moverley Smith, QC Counsel for Kingate Euro Fund, Ltd.

AND UPON READING the Affidavits and documentary evidence filed herein

**IT IS ORDERED THAT:**

1. Mr William Tacon and Mr Richard Fogerty of Zolfo Cooper be appointed the Joint Liquidators of the Company ("the Joint Liquidators").

2. The Joint Liquidators shall have custody and control of all assets of the Company wherever situated and shall have all the powers under the Insolvency Act 2003 and in particular the powers in Schedule 2 thereof including the power to do the following without the sanction of the Court in the British Virgin Islands or elsewhere:

3.   (a) Power to continue and/or take any appropriate step in the Bermudian Proceedings as defined in Schedule 1 hereof and defend and/or take any appropriate step in the US Proceedings as defined in Schedule 2 hereof.

    (b) Power to sell or otherwise dispose of property of the Company.

    (c) Power to do all acts and execute, in the name and on behalf of the Company, any deeds, receipts or other document.

    (d) Power to use the Company's seal.

    (e) Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against his estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance, as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors.

    (f) Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Company with the same effect with respect to the Company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Company in the course of its business.

(g) Power to borrow money, whether on the security of the assets of the Company or otherwise.

(h) Power to take out in his official name letters of administration to any deceased member or past member or debtor, and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the Company.

> For the purpose of enabling the Joint Liquidators to take out letters of administration or do any other act under this paragraph, to be due to the liquidator himself.

(i) Power to call meetings of creditors or members for

  (i)  the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

  (ii)  the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation; or

  (iii)  such other purpose connected with the liquidation as the liquidator considers fit.

(j) Power to appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties.

(k) Power to appoint an agent to do any business that the liquidator is unable to do himself, or which can be more conveniently done by an agent.

(l) Power to do all things necessary or incidental to the above powers or functions.

4.  Notwithstanding the provisions of paragraph 2 above the Joint Liquidators shall not exercise the following powers without the sanction of the court:

    (a) Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the Company, whether present or future, certain or contingent, ascertained or not.

    (b) Power to compromise, on such terms as may be agreed

        i.  calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the Company and any person; and

        ii. questions in any way relating to or affecting the assets or the liquidation of the Company;

        iii. take security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.

    (c) Power to commence, continue, discontinue or defend any action or other legal proceedings (save for those proceedings identified in Schedule 1 and 2 hereof for which no sanction is required) in the name and on behalf of the Company in the British Virgin Islands or elsewhere.

    (d) Power to pay any class of creditors in full.

5.  All functions and powers of the Joint Liquidators may be performed or exercised by either of them.

6. The costs and expenses of the provisional liquidation including the remuneration and expenses of the Joint Provisional Liquidators be paid out of the assets of the Company in priority to all other claims.

7. Subject to paragraph 5 above, the costs and expenses of the liquidation including the remuneration and expenses of the Joint Liquidators be paid out of the assets of the company in priority to all other claims.

8. The costs of and occasioned by the application be paid out of the assets of the Company as an expense of the liquidation.

BY THE COURT

_____
Deputy Registrar

## Schedule 1

**Bermudian Proceedings**

Actions No. 23 of 2009 in the Supreme Court of Bermuda

Civil Jurisdiction Commercial Division

Between (1) Kingate Global Fund, Ltd (2) Kingate Euro Fund, Ltd, Plaintiffs and (3) The Bank of Bermuda Limited (HSBC), Defendant

## Schedule 2

**US Proceedings**

Adversary Proceedings No. 09-01161-brl

In the United States Bankruptcy Court

Southern District of New York between Irving H. Picard against (1) Kingate Global Fund, Ltd (2) Kingate Euro Fund, Ltd and (3) The Bank of Bermuda Limited

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
Claim Nos. 2009/0163

IN THE MATTER OF THE BVI BUSINESS COMPANIES ACT, 2004

- and -

IN THE MATTER OF THE INSOLVENCY ACT, 2003

-and-

IN THE MATTER OF KINGATE EURO FUND, LTD

Applicant:       KINGATE EURO FUND, LTD.

**ORDER FOR THE APPOINTMENT OF LIQUIDATORS**

Harney Westwood & Riegels
Craigmuir Chambers, P.O. Box 71
Road Town, Tortola
British Virgin Islands
Tel: 1-284-494-2233
Fax: 1-284-494-3547
HWR Ref: 039865.0002/PRK